**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**OUTDOOR SPORTSMAN GROUP, LLC**                        **PLAINTIFFS**

vs.                      **Case No. 4:08 CV 0000621 BSM**

**EST, LLC, SUCCESSOR IN INTEREST TO
ENVIRONMENTAL SERVICE TECHNOLOGY, LLC**          **DEFENDANT**

**PROTECTIVE ORDER**

On this day come the parties to this action, Defendant, EST, LLC. (hereinafter the "Defendant"), appearing by and through its attorneys, Dover Dixon Horne PLLC, and the Plaintiff, Outdoor Sportsman Group, LLC (hereinafter the "Plaintiff") appearing by and through its attorneys, James, Carter and Coulter, PLC, and based on the Plaintiff and Defendant's agreement to the terms of this Protective Order, the parties stipulate to the following mutual protective order to govern its production of Confidential Information and furnished to the other.

IT IS HEREBY ORDERED:

"Confidential Information" (as defined in paragraph 2 of this Order) shall be used only for purposes of this litigation (hereinafter collectively called "the proceedings") and not for business, competitive, or other purposes, and shall be disclosed only in the manner and under the conditions set forth below. Confidential information shall include any disclosed document, a copy of any disclosed document, or oral or verbal dissemination of any confidential information contained in any disclosed document.

1. For purposes of this Order, the term "Confidential Information" includes all commercial information, financial information, tax information or documents containing same, or portions thereof, as may be furnished by the Disclosing Party to the Receiving Party. In producing what the Producing Party deems to be Confidential Information, Producing Party shall designate and mark all such information, and each document as "Confidential" or "Confidential Pursuant to Protective Order."

Notwithstanding anything herein to the contrary, confidential information shall not include: (1) any information filed as a public record, or which is not otherwise kept or maintained by the Disclosing Party as confidential information, (2) any information which has already been disseminated to third parties or placed in the public domain, (3) any information existing in the public domain or subsequently entering the public domain other than as the result of an unauthorized disclosure by the receiving party, (4) any information that was known by the Receiving Party and legitimately in its possession, without any obligation to keep such information confidential, prior to receipt from the Disclosing Party, (5) any information that the Receiving Party obtains from any third party having legitimate possession of such information and not under any obligation to keep such information confidential, and (6) any information which the Receiving Party independently acquires or develops through discovery or without use of any confidential information received from the Disclosing Party.

2. Confidential Information provided by the Disclosing Party shall be disclosed by the Receiving Party only to the following:

      (a)    counsel of record in these proceedings and their clients, partners, associates, and employees to whom disclosure is necessary by said counsel of record;

      (b)    any expert who is retained by a party or its counsel in order to assist in the conduct of these proceedings, but only to the extent that, and for the time during which, such disclosure is necessary for the conduct of these proceedings;

      (c)    any person whose testimony is taken or to be taken in these proceedings;

      (d)    court reporters while in the performance of their official duties; and

      (e)    this Court or any other court, and court personnel to which any appeal of these proceedings is taken.

3.     Prior to disclosure of any Confidential Information to any person (except the Court), such person shall be furnished a copy of this Order, shall be informed that the information is Confidential Information, and shall agree to comply with the provisions of this Order. Any such person, other than counsel for the parties, shall sign a copy of this Order acknowledging that such person has read and understands this Order and will abide by its terms.

4.     All information falling within the definition of "Confidential Information" contained in paragraph 1 above shall be treated as Confidential Information pursuant to the terms of this Protective Order unless such information is accepted

from the terms of this Protective Order by the signed acknowledgment of the parties or their attorneys, agents or employees.

5. After the termination of these proceedings (including any appeals), or at such other time(s) as the Receiving Party no longer needs particular documents, and upon request of counsel, Receiving Party or its respective counsel shall return all confidential documents (and all copies, reproductions, and extracts thereof) produced by the Producing Party, excluding any material constituting work product. With respect to Confidential Information contained in work product retained by counsel or Confidential Information introduced as evidence, counsel shall take steps to ensure non-disclosure of such work product or evidence from the parties' files containing the Confidential Information and shall otherwise continue to abide by the terms and conditions of this Protective Order.

6. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

7. Any agreement or stipulation by counsel for both Plaintiff and Defendant subsequent to the date of this Order which is entered and which specifically modifies the terms hereof shall be deemed to constitute a part of this Order from the date of execution by counsel for the parties.

9. The terms of this Protective Order shall be effective upon execution by the parties' counsel prior to execution and approval by the presiding judge and entry in the case filings.

[COURT EXECUTION ON FOLLOWING PAGE]

_____
Brian S. Miller, United States District Judge

Date: December 5, 2008.

[ATTORNEYS APPROVALS AND THIRD PARTY ACKNOWLEDGMENT ON FOLLOWING PAGE]

APPROVED:

DOVER DIXON HORNE, PLLC
425 West Capitol Avenue
Suite 3700
Little Rock, AR 72201
(501) 375-9151

By: /s/ Wm. Dean Overstreet
    Wm. Dean Overstreet
    ABA #79-228
    Attorneys for EST, LLC

Date: December 3, 2008

Paul James
Dan Carter
JAMES, CARTER & COULTER, PLC
P.O. Box 907
Little Rock, AR 72203

By: /s/ Daniel R. Carter
    Daniel R. Carter
    ABA # 80023
    Attorneys for Outdoor Sportsman Group LLC

Date: December 3, 2008

## THIRD PARTY ACKNOWLEDGMENT

I, _____, do acknowledge that I have received a copy of the foregoing Protective Order entered in this matter, that I have reviewed same, and that I agree to be bound by the terms and conditions set forth therein.

    _____
    (name)

    Date: _____

WITNESSED:

By: _____

Title: _____