IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OUTDOOR SPORTSMAN GROUP, LLC.                                    PLAINTIFF

vs.                           NO: 4:08CV00621 BSM

EST, LLC.                                                         DEFENDANT

**ORDER**

Pending before the court is defendant's motion to quash the subpoena and notice of Rule 30(b)(6) deposition of a representative of Wal-Mart. (Doc. No. 33). It states that plaintiff's time for conducting jurisdictional discovery has long expired.

The court, by order dated November 24, 2008, granted plaintiff until January 9, 2009 to conduct jurisdictional discovery. (Doc. No. 19). Plaintiff timely filed its supplemental brief in opposition to defendant's motion to dismiss for lack of personal jurisdiction. Defendant filed its response to plaintiff's supplemental brief on January 27, 2009. On January 23, 2009, plaintiff issued a subpoena and noticed the deposition of a Wal-Mart employee for a deposition on February 4, 2009, to seek further discovery regarding defendant's contacts with the state of Arkansas. Defendant filed the motion to quash on January 28, 2009.

It is clear that the deposition is after the deadline the court granted plaintiff to conduct jurisdictional discovery. Plaintiff, however, states that the belated request is due to defendant's actions to attempt to thwart plaintiff's discovery efforts. In particular, plaintiff claims that in its responses to interrogatories defendant refused to identify states in which its

products were sold. Plaintiff tried to take the deposition of a representative of Maurice Sporting Goods store, but he failed to appear and a motion for contempt to compel that person's appearance at a deposition is pending. Plaintiff asserts that defendant's submission of the affidavit of the Vice President of Maurice Sporting Goods submitted in support of its position that defendant does not have minimum contacts with the state of Arkansas further evidences defendant's efforts to obstruct plaintiff's discovery efforts.

The court has considered the arguments. Allowing plaintiff to proceed with the deposition will not unduly prejudice defendant. The court will hold in abeyance a ruling on defendant's motion to dismiss until after the February 4th deposition. Plaintiff will have ten days following the deposition to further supplement its brief with information obtained at the deposition.

Accordingly the motion to quash (Doc. No. 33) is denied.

IT IS SO ORDERED this 30th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE