IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OUTDOOR SPORTSMAN GROUP, LLC.                                             PLAINTIFF

vs.                                    NO: 4:08CV00621 BSM

EST, LLC.                                                                DEFENDANT

## ORDER

Plaintiff Outdoor Sportsman Group, LLC (OSG) brings this action alleging defendant EST, LLC (EST) intentionally interfered with a contractual relationship, a business expectancy, and defamed it. EST filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. On November 3, 2008, the court found that OSG had not established a basis for specific jurisdiction over EST, but stayed ruling on EST's motion to allow OSG the opportunity "for tailored discovery to elicit whether its contacts with Arkansas were so continuous and systematic as to warrant general personal jurisdiction over [defendant]." *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). The parties have submitted supplemental briefs and exhibits in support of their positions.

I.  FACTUAL BACKGROUND

The court restates the factual background as set forth in the November 3, 2008 order. OSG is an Arkansas limited liability company with its principal place of business in Maumelle, Arkansas. EST is a Delaware limited liability company with its principal place of business in Winsboro, Louisiana. OSG developed a deer attractant product and a fish

attractant product. It had agreements with Plastic Research and Development Corporation (PRADCO) to manufacture, distribute and market these products.

According to OSG, on January 10, 2008, at an Archery Trade Association trade show in Indianapolis, Indiana, agents of EST intentionally represented to PRADCO employees that OSG could not sell hunting or fishing products to PRADCO because of a covenant not to compete between EST and another corporation. OSG contends that as a result of EST's representations PRADCO terminated its hunting and fishing contracts with OSG.

## II. STANDARD OF REVIEW

A party opposing a motion to dismiss for lack of personal jurisdiction need only make a prima facie showing of jurisdiction. *See Bell Paper Box, Inc. v. U. S. Kids, Inc*, 22 F.3d 816, 818 (8th Cir. 1994) (citation and internal quotations omitted). The plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendants may be subjected to jurisdiction in the forum state." *Steinbuch*, 518 F.3d at 585. If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Id.*

The court previously found that specific jurisdiction did not exist. [Doc. No. 16] "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction ... refers to the power of

a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (citations and internal quotations omitted). "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state." *Steinbuch*, 518 F.3d at 586.

The Eighth Circuit has established a five-factor test to determine the sufficiency of defendant's contacts. These are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus.*, 97 F.3d at 1102. The first three are of primary importance; however, the third factor applies only in the specific jurisdiction context and is immaterial to the general jurisdiction inquiry. *Steinbuch*, 518 F. 3d at 586.

Several principles emerge in considering general jurisdiction. "Percentage of a company's sales in a given state are generally irrelevant. . . [R]ather, our inquiry focuses on whether the company's contacts are substantial for the *forum.*" *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 709 (8th Cir. 2003) (emphasis in original).

"[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Columbia, S.A. v.*

*Hall*, 466 U.S. 408, 417. (1984).  *See Pecoraro v. Sky Ranch For Boys, Inc.*, 340 F.3d 558, 562 (8th Cir.2003) ("Minimum contacts must exist either at time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.").

In addition, visits by a defendant to the forum state are insufficient to support personal jurisdiction if they are too few in number and too slight in quantity.  *See Johnson v. American Leather Specialties Corp.*, 565 F. Supp.2d 1015, 1024 (N.D. Iowa 2008) (three visits to Iowa over four year period did not establish continuous and systematic contacts with Iowa required to find general jurisdiction).

### III.  DISCUSSION

EST is not a citizen or resident of Arkansas. It is not registered to do business in Arkansas and has no agent for service of process, no offices or employees.  EST states that it does not have systematic and continuous contacts with the state.  It contends that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the court does not have personal jurisdiction over it.

OSG attempts to bootstrap the actions of Maurice Sporting Goods, a distributor of EST products, into a finding that EST conducts continuous business in Arkansas.  There is no doubt that EST distributes its products through Maurice Sporting Goods.  Maurice Sporting Goods is an independent distributor of EST products, not EST's agent.  Maurice Sporting Goods buys EST products, ships them to its warehouse and then resells the products to

Walmart. The actions of Maurice Sporting Goods in promoting and selling EST products in Arkansas is not sufficient to establish personal jurisdiction. *See Guiness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614 (8th Cir. 1998) (contacts of beer distributor in forum state insufficient for a finding of minimum contacts of beer producer).

EST cannot claim, however, that it does not do any business in Arkansas. In support of its position that EST's contacts with Arkansas are numerous and significant, OSG argues that EST's deer attractant was manufactured by Working Chemical Solutions, a Delaware corporation with its principal place of business in El Dorado, Arkansas. EST does not dispute that its product was manufactured in Arkansas. Furthermore, the amount of product EST wanted manufactured was not de minimis. Under the distribution contract with Working Chemical Solutions, EST was obligated in 2006 to order a minimum of 116,279 gallons of liquid concentrate and 440,000 ounces of powdered concentrate. Doc. No. 39-8.

EST's truck picked up the product from El Dorado on at least five occasions. EST made arrangements for private carrier to pick up 52 shipments of the product from El Dorado and on 80 occasions EST made arrangements for the product to be shipped from El Dorado to EST.

There is other evidence supporting OSG's position that the court has jurisdiction. EST's chief executive officer met with Walmart representatives both in and outside of Arkansas on at least three occasions. He also communicated via telephone with Walmart representatives in Arkansas. Finally, EST's president communicated via e-mail with Walmart

personnel in Arkansas and with Maurice Sporting Goods.

The court finds that EST's contacts involving the manufacture of the deer attractant in Arkansas, along with the communication between its CEO and president with businesses located in Arkansas, were "continuous and systematic, even if it was only limited part of its general business." *See Steinbuch*, 518 F.3d at 586.

In addition, the court finds that the last two factors--the interest of the forum state in providing a forum for its residents, and the convenience of the parties-- weigh in favor of maintaining jurisdiction. Certainly, Arkansas has an interest in providing a forum for its residents. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("State generally has 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). Moreover, EST has not shown that it would be inconvenienced by trying this case in Arkansas.

In sum, the court finds that it has personal jurisdiction over this action. Accordingly, EST's motion to dismiss [Doc. No. 8] is denied.

IT IS SO ORDERED this 20th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE